IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                        **Case No. 11-40040-01-RDR**

WENDY M. PARMENTER,

        Defendant.

### O R D E R

This case is before the court upon defendant's unopposed motion to continue the trial currently scheduled for September 12, 2011 for 60 days. This is the first request for a continuance in this case.

Defendant is charged with tampering with a consumer product in violation of 18 U.S.C. § 1365(a) and with adulterating a drug in interstate commerce in violation of 21 U.S.C. § 331(b). Defendant is released pending trial.

Defendant asserts that there are ongoing negotiations between the parties for a non-trial resolution of this case. The motion implies that more time would be helpful to determine whether these negotiations bear fruit and whether it is necessary to prepare for trial. Defendant further indicates that additional time is necessary to review discovery in order to prepare for trial.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the

Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   Most of the factors described above are not relevant to this case, although this case does appear somewhat out of the ordinary for the court.  After full consideration, the court finds that the denial of the requested continuance may deny counsel and defendant the time necessary to adequately consider whether to proceed to trial and how to prepare for trial, taking into account the exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and

efficient resolution of this matter. The court has no grounds to believe that defendant is a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and the trial of this case shall be continued to November 14, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge