# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**   )
                                )
        Plaintiff,     )
                                )
  v.                            )   **Case No. 11-40040-RDR**
                                )
**WENDY M. PARMENTER,**         )
                                )
        Defendant.     )
_____ )

## O R D E R

Defendant was sentenced by this court to a term of 36 months. She has successfully completed the Residential Drug Abuse Program (RDAP) at her place of incarceration in Bryan, Texas. But, she has not received a reduction of her sentence because one of her underlying convictions was for consumer product tampering in violation of 18 U.S.C. § 1365(a). The Bureau of Prisons considers this a crime of violence disqualifying her for consideration for early release under 18 U.S.C. § 3621(e). See Cunningham v. Scibana, 259 F.3d 303 (4th Cir. 2001) cert. denied, 534 U.S. 1167 (2002)(affirming BOP's determination that conviction for tampering with a consumer product in violation of § 1365(a) was a crime of violence precluding early release under § 3621(e)).

Defendant has filed a pro se motion for reduction of sentence. Doc. No. 31. Defendant's motion does not contain a legal argument for reduction of sentence. The motion makes note

of defendant's progress in RDAP and other prison programs, and her readiness to resume life outside of prison. Defendant also suggests that, since she has now completed the RDAP program, her request for early release and any challenge to the denial of early release is ripe for consideration. Defendant further states that the BOP has administratively denied her early release requests.

If the court treated defendant's motion as a non-habeas motion in her criminal case, then the motion must be denied because the court has no authority to modify a term of imprisonment except as set forth in 18 U.S.C. § 3582(c). Defendant does not make an argument that a reduction in her sentence is justified under the limited provisions of that section.

Defendant's motion could also be considered as a petition for habeas corpus under 28 U.S.C. § 2241. See Payne v. Maye, 2013 WL 2321614 (10th Cir. 5/29/2013)(action alleging illegal denial of entry into RDAP program treated as a § 2241 petition); Martin v. Rios, 472 F.3d 1206 (10th Cir. 2007)(challenge to denial of sentence reduction under § 3621(e) treated as a § 2241 petition); Ellis v. Terrell, 455 F.Supp.2d 1230 (D.Kan. 2006)(action challenging classification of possession of firearm by a felon as a disqualifying conviction for the purposes of § 3621(e) considered as a § 2241 petition). A § 2241 petition,

however, must be brought in the district having jurisdiction over the custodian of the petitioner. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004)(citing § 2241(a)). Defendant's custodian is not in the District of Kansas. Therefore, the court does not have jurisdiction to consider defendant's motion as a § 2241 petition. Such a petition would have to be filed in a federal court serving Bryan, Texas.

Defendant's motion does not offer any grounds for challenging the legality of defendant's sentence under 28 U.S.C. § 2255. Therefore, the court shall not treat the motion as one under that statute. As defendant recalls, defendant has previously filed and dismissed a motion brought pursuant to § 2255. If defendant were to file a second such motion, the provisions of § 2255(h) would have to be satisfied.

In conclusion, defendant's motion for reduction of sentence shall be denied because the court does not have authority to reduce the sentence under § 3582(c), the court does not have jurisdiction to consider the motion as a habeas corpus petition under § 2241, and defendant does not raise arguments which suggest that the motion should be construed as a motion under § 2255. Defendant's efforts to improve herself during her prison term deserve praise, but defendant's motion provides no legal grounds for this court to grant a reduction in sentence.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2013, at Topeka, Kansas.

                                              *s/Richard D. Rogers*
                                          United States District Judge